**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:06CV-P137-R**

**WILLIE LEE SHAW, JR.**                                                                                                  **PLAINTIFF**

**v.**

**JAMES BEAVERS**                                                                                                             **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff filed this civil rights action under 42 U.S.C. § 1983 (DN 1). The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the Court will dismiss the complaint for failure to state a claim.

**I. SUMMARY OF COMPLAINT**

Plaintiff is a convicted inmate currently incarcerated at the Kentucky State Penitentiary ("KSP") in Eddyville, Kentucky. Plaintiff has filed the instant action against James Beavers, a KSP guard. Plaintiff has sued Defendant Beavers in both his official and individual capacities. According to Plaintiff, on July 5, 2006, he was returning from the showers when another inmate, Jonathan Burton, squirted Plaintiff with urine though the crack of his door. Plaintiff reported the incident to "Guard Toni," who sent Plaintiff back to the showers to wash himself again. While Plaintiff was showering Defendant Beavers asked Plaintiff who squirted him. Plaintiff supplied Defendant Beavers with Burton's cell number and also showed him his wet, urine-stained clothes. Plaintiff alleges that when inmates commit acts similar to those committed by Burton they are usually "totally stripped down." However, Plaintiff claims that Defendant Beavers did not do anything to punish Burton. Plaintiff claims that the reason for this is that Plaintiff is African-American and like Defendant Beavers, Burton is white. Plaintiff concludes

that by failing to appropriately punish Burton, Defendant Beavers has violated Plaintiff's rights under the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution by aiding and abetting Burton in racially discriminating against Plaintiff.

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A ; *McGore*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.,* 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted, "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364 (1982), a plaintiff is required to plead more than bare legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *see also Morgan v. Church's*

*Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  Therefore, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

### III.  ANALYSIS

**A.     Fifth Amendment**

Where a plaintiff inmate is challenging the actions of a federal official rather than a state actor, the equal protection analysis must proceed under the Fifth and not the Fourteenth Amendment.  In this case, however, Plaintiff is alleging discrimination by a state, not a federal, actor.  As such, the Fifth Amendment is not applicable.

**B.     Fourteenth Amendment**

"Absent a compelling state interest, racial discrimination in administering prisons violates the Equal Protection Clause of the Fourteenth Amendment."  *Black v. Lane*, 824 F.2d 561, 562 (7th Cir. 1987) (citing *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)).  To prevail, however, a prisoner must prove the existence of purposeful discrimination.  *McCleskey v. Kemp*, 481 U.S. 279, 292 (1987).  "To prove a race discrimination claim, a plaintiff must produce evidence showing that as a racial minority he was treated differently from similarly situated Caucasian inmates and that the defendant acted with a discriminatory purpose or intent."  *Hill v. Thalacker*, 399 F. Supp. 2d 925, 928-29 (W.D. Wis. 2005).

In the present case, however, Plaintiff fails to plead sufficient facts to make out a claim of discrimination.  There is no allegation that Defendant Beavers conspired with Burton to urinate on Plaintiff because of Plaintiff's race.  To the contrary, it appears that Burton's actions were an

3

unfortunate, but random, event over which Defendant Beavers had no control. Plaintiff simply alleges that Defendant Beavers should have punished Burton more severely and would have done so if Burton had been black. However, to state a cognizable equal protection claim, a plaintiff must establish that a state actor has purposely treated him differently than persons of a different race. Here, Plaintiff is not alleging that Defendant Beavers treated Plaintiff differently. Rather, he is alleging that on this one isolated occasion,[1] Defendant Beavers treated Burton preferentially. Plaintiff does not have a constitutional right to see that other inmates are punished in any certain manner. Based on the facts alleged, Plaintiff does not have standing to pursue a race discrimination claim against Defendant Beavers.

**C.**     **Sixth Amendment**

The Sixth Amendment provides that: " In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The facts alleged do not even remotely give rise to a claim under the Sixth Amendment.

**D.**     **Eighth Amendment**

As a general principle, a prison guard has the duty to ensure the "reasonable safety" of inmates. *See Farmer v. Brennan*, 511 U.S. 825 (1994). A prison official is liable under the

---

[1] Plaintiff has not alleged that Defendant Beavers regularly exhibits hostility towards African-Americans or routinely punishes African-American inmates more harshly than Caucasian inmates.

Eighth Amendment for failing to protect an inmate from assaults by other inmates when a plaintiff proves the following: "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

To be certain, "prisons are necessarily dangerous places; they house society's most antisocial and violent people in close proximity with one another." *Farmer*, 511 U.S. at 858 (Thomas, J. concurring). As a result, some level of violence will be unavoidable no matter what precautions are taken, and officers cannot be expected to prevent every assault before it occurs or to stop an assault in progress before injuries are inflicted. In this case, it is regrettable that Plaintiff experienced Burton's assault. However, Plaintiff has not alleged that Defendant Beavers failed to take some action that could have prevented it or participated in it in any manner. As such, Plaintiff has failed to allege facts sufficient to hold Defendant Beavers liable under the Eighth Amendment.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:   Plaintiff, *pro se*
      Defendant
      Kentucky Justice & Public Safety Cabinet, Office of Legal Services
4413.008